UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
In re:

720 LIVONIA DEVELOPMENT LLC, et al.,

Debtors (jointly administered).
-----------------------------------------------x

CHAIM LANDAU & MELUCHIM HOLDINGS LLC,

Appellants,

-against-

720 LIVONIA OPERATIONS LLC,

Appellee.
-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:23-CV-06752 (FB)

*Appearances:*

*For the Appellants*:
KEVIN J. NASH
AMANDA B. ZIFCHAK
Goldberg Weprin Finkel Goldstein, LLP
125 Park Avenue, 12th Floor
New York, NY 10017

*For the Appellee*:
MELISSA A. PEÑA
Norris McLaughlin, P.A.
7 Times Square, 21st Floor
New York, NY 10036

**BLOCK, Senior District Judge:**

Chaim Landau ("Landau") and Meluchim Holdings, LLC ("Meluchim") (together "Appellants") appeal an August 22, 2023, order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") disallowing and expunging their claims in bankruptcy upon 720 Livonia Operations

LLC's ("Operations") motion for summary judgment. *In re 720 Livonia Dev. LLC*, No. 19-47797-JMM, 2023 WL 5421832, at *14 (Bankr. E.D.N.Y. Aug. 22, 2023). For the following reasons, the Bankruptcy Court's order is AFFIRMED.

## I. BACKGROUND

This bankruptcy proceeding concerns Appellants' stake in a real property located at 720 Livonia Avenue, Brooklyn, New York (the "Real Property"). The Real Property was purchased by 720 Livonia Development LLC (the "Livonia Debtor") and MG Livonia (the "MG Debtor") (together, the "Debtors") in 2015 for $4,650,000.

Around the time when the property was purchased, Appellant Landau had his limited liability company, Appellant Meluchim Holdings LLC — of which Landau was the sole member — give $500,000 to the managing member of the Livonia Debtors, Yechezkel Sturlovich, as part of a joint venture to purchase the Real Property. The transaction was memorialized by a partnership agreement between Landau and Strulovitch, which specified that all "proceeds of leasing, selling or refinancing, will be received and shared by the two parties proportionate to their investment in the deal." *In re 720 Livonia Dev. LLC*, No. 19-47797-JMM, ECF No. 123, Ex. C at 4 (Bankr. E.D.N.Y. Mar. 27, 2023) (hereinafter "Bankr.").

In 2016, Landau commenced an action in the supreme court of New York against Strulovitch and the Debtors, alleging that Strulovitch had placed title to the Real Property in the Debtors without recognizing Landau's own interest. He brought claims for breach of contract for violating the partnership agreement and unjust enrichment, among other things.

After a bench trial, the supreme court dismissed all of Landau's claims, specifically ruling on Landau's unjust enrichment claim that any enrichment was at the expense of Meluchim, not Landau:

> Plaintiff maintains that Defendants were unjustly enriched by the transaction in question . . . Assuming that the Defendants in the instant case were enriched, Plaintiff has failed to show that such enrichment was at his expense. The payment of the alleged $500,000 was from the bank account of Meluchim Holdings LLC. No evidence was provided about the nature of Meluchim Holdings LLC, but it is clearly not Chaim Landau the only Plaintiff in this action.

Bankr., ECF No. 126-6 at 8-9 (the "State Court Judgment"). Landau did not appeal from the State Court Judgment, and instead had Meluchim file involuntary petitions against the Debtors on December 31, 2019, thereby commencing the bankruptcy proceeding.

The Debtors did not respond to the involuntary petitions, so the Bankruptcy Court entered Orders for Relief under Chapter 7 in both cases. After the entry of the Orders for Relief, the Bankruptcy Court ordered that the cases be jointly

administered and appointed a trustee to manage both estates. The trustee subsequently sold the Real Property at auction for $10,970,000.

On November 3, 2020, Appellants filed a proof of claim (the "Proof of Claim") with the Bankruptcy Court to recover the $500,000 investment. On November 15, 2021, Appellee Operations, who owns a 46% interest in the Livonia Debtors, objected to Appellants' Proof of Claim. After cross motions from the parties, the Bankruptcy Court granted Operations summary judgment on the alternative grounds that Appellants' claims were precluded by the State Court Judgment and failed for lack of proof. The Bankruptcy Court consequently entered an order expunging Appellants' claims. This appeal followed.

## II. DISCUSSION

### a. Standard of Review

This Court has appellate jurisdiction over the Bankruptcy Court's decision pursuant to 28 U.S.C. § 158(a). On appeal, the Bankruptcy Court's findings of fact are reviewed for clear error, its discretionary decisions are reviewed for abuse of discretion, and any conclusions of law are reviewed *de novo*. *See In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000).

The decision to grant summary judgment is a mixed question of fact and law that is reviewed *de novo*. *See In re Treco*, 240 F.3d 148, 155 (2d Cir. 2001). Summary judgment will be granted where a movant shows both that there is no

genuine dispute between the parties as to any material fact, and that the movant is entitled to judgment as a matter of law. *Id.*

**b. Operations Was Authorized to Object**

Appellants first argue that the Bankruptcy Court erred by ruling that Operations had standing to object to their Proof of Claim.[1] They initially objected to Operations' standing in the proceedings below by relying on the 2015 operating agreement for the Livonia Debtors, which appointed Strulovitch and Mici Oberlander as the managing members of Operations. Bankr., ECF No. 124, Ex. D at 13. Accordingly, Appellants argued, Operations was not properly authorized to object to Appellants' Proof of Claim because the objection was not brought by Strulovitch and Oberlander as the managing members of Operations. In response, Operations submitted a resolution — pre-dating the bankruptcy proceeding and signed by a majority of Operations' members — that had replaced Strulovitch and

---

[1] The Bankruptcy Court, in dicta, queried whether Appellants themselves had standing to challenge Operations' internal authorization procedures as third-parties. *See Rothman & Schneider, Inc. v. Beckerman*, 2 N.Y.2d 493, 499 (1957) ("[C]omplete strangers to the corporation . . . should not be permitted to question [its] authority and thereby frustrate the action."); *see also Royal Indem. Co. v. Am. Bond & Mortg. Co.*, 289 U.S. 165, 171 (1933) ("Creditors have no standing to plead statutory requirements not intended for their protection."). This Court need not address this issue to affirm the Bankruptcy Court's ruling and so assumes without deciding that Appellants did have standing to raise the issue below.

Oberlander as the managing members of Operations with the individuals who brought the objection to Appellants' Proof of Claim.[2] Bankr., ECF No. 133, Ex. A.

The Bankruptcy Court found the resolution sufficient to show that Operations was authorized to object to the Proof of the Claim. To get there, the Bankruptcy Court reasoned that in the absence of an operating agreement New York LLCs are governed by the New York Limited Liability Company Law. *See In re 720 Livonia Dev. LLC*, 2023 WL 5421832, at *10 (citing *In re Eight of Swords, LLC*, 946 N.Y.S.2d 248, 249 (2d Dep't 2012)).

Under that law, managers of a limited liability company may be removed or replaced, with or without cause, by a vote of a majority in interest of the members entitled to vote. *See* N.Y. Ltd. Liab. Co. Law §§ 407, 414. Therefore, because the Livonia Debtor Operating Agreement was silent on the rights of Operations' members to replace managers, and because no party produced an operating agreement for Operations, the default New York procedure governed, and

[2] Those individuals are Raphael Barouch Elkaim, Binyomin Schonbverg and Binyomin Halpern, who filed the objection on behalf of Operations through their counsel. Bankr., ECF No. 33, Ex. D at 12 (notice of appearance for counsel representing "Raphael Barouch Elkaim, Binyomin Schonbverg and Binyomin Halpern individually and as the managing members/authorized agents of [Operations].").

Operations' resolution was sufficient to show that it was authorized to object to Appellants' Proof of Claim.

Appellants now cry foul, claiming that the Bankruptcy Court should not have assumed that an operating agreement for Operations did not exist, nor should it have relied on the default New York law in the absence of such an agreement. Instead, the Bankruptcy Court should have held the lack of evidence of an operating agreement against Operations and concluded that Operations had failed to affirmatively prove that it was authorized to object to Appellants' Proof of Claim.

But Appellants' argument does not stand up straight. At bottom, they ask Operations to disprove a negative: that the resolution signed by the majority of Operations' members did not do exactly what it said it did. But as the Bankruptcy Court noted:

> [Appellants] have not produced evidence supporting their contention that Operations' members were not permitted to replace Strulovitch and Oberlander as managers or that the vote of Operations' members did not comport with New York law.

*In re 720 Livonia Dev. LLC*, 2023 WL 5421832, at *10.

The trend repeats itself on appeal where Appellants' point to no legal authority or contractual provision that might explain why the resolution by

Operations to change its managers would not be effective.[3] Nor do they attempt to rebut the rule that the default procedure under New York law permits LLC members to change their managers by a majority vote, absent a contrary provision in an operating agreement. Indeed, to follow that thread though to its logical conclusion, just because an operating agreement existed does not mean that the resolution was invalid. In the absence of any such authority to the contrary, the Bankruptcy Court was entirely correct to find the resolution to be a sufficient basis to determine that Operations had replaced its managers and thereby authorized the objection.

**c. Law of the Case**

Appellants claim that the Bankruptcy Court incorrectly applied an exception to the Law of the Case Doctrine by considering Operations' objection to Appellants' Proof of Claim. They argue that the Bankruptcy Court's entry of the Order for Relief rendered Meluchim a bona fide creditor and waived all defenses and disputes as to the validity of its claim. This implicit ruling, Appellants argue,

[3] Appellants exclusively rely on N.Y. Ltd. Liab. Co. Law § 417, which obligates New York LLCs to adopt an operating agreement. However, as Appellee points out, the statute does not prohibit those companies from operating or adopting resolutions in the absence of an operating agreement. *See also Spires v. Casterline*, 778 N.Y.S.2d 259, 265-66 (Sup. Ct. 2004) ("[W]hen there is no Operating Agreement, or such agreement does not address certain subjects, then the entity is bound by the minimum requirements set forth in the Limited Liability Company Law.").

thus became the law of the case and was incorrectly reconsidered by the Bankruptcy Court when it entertained Operations' objection.

The Law of the Case doctrine commands that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009). The doctrine operates to "create efficiency, finality, and obedience within the judicial system." *In re AMR Corp.*, 567 B.R. 247, 254 (Bankr. S.D.N.Y. 2017).

As an initial matter, the Court must clarify the standard of review, which Appellants argue is *de novo* because application of a Law of the Case exception is a conclusion of law. This is incorrect.[4] The Law of the Case is a discretionary doctrine, *see Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 219 (2d Cir. 2002), and therefore the Bankruptcy Court's discretionary decision to apply the exception is subject to the deferential abuse of discretion standard of review. *Dana*

---

4 Appellants' reliance on *In re 477 W. 142nd St. Housing Development Fund Corp.*, is misplaced. No. 20-CV-6771 (VEC), 2022 WL 2093418, at *8 (S.D.N.Y. June 10, 2022), *appeal dismissed* (Dec. 19, 2022). Although the court there did apply a *de novo* standard of review to a bankruptcy court's application of the Law of the Case doctrine, it did so in the context of a *pro se* appellant. Regardless, the decision is not binding on this Court, nor does it undermine the Second Circuit's repeated edict that discretionary decisions of a bankruptcy court are reviewed for abuse of discretion. *See, e.g.*, *In re Dana Corp.*, 574 F.3d 129, 145 (2d Cir. 2009).

*Corp.*, 574 F.3d at 145; *see also Devilla v. Schriver*, 245 F.3d 192, 198 (2d Cir. 2001) ("[W]e review a district court's application of the law of the case doctrine for abuse of discretion only.").

Applying that standard, this Court holds that the Bankruptcy Court did not abuse its discretion by considering Operations' objection to Appellants' Proof of Claim. In brief, the Bankruptcy Court determined that there was a "compelling reason" to consider Operations' objection because it had been unable to respond to Meluchim's initial involuntary petition. *See In re 720 Livonia Dev. LLC*, 2023 WL 5421832, at *8 (citing 11 U.S.C.A. § 303(d) (only debtor may respond to an involuntary bankruptcy petition)). Additionally, Appellants would not be prejudiced by the action because they had notice of Operations' objection and a full opportunity to respond.

Appellants argue that this decision was error because the "major grounds justifying reconsideration [of the law of the case] are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (cleaned up). But this standard is certainly broad enough to justify the Bankruptcy Court's action. Although not spelled out, the decision clearly casts Operations' inability to present its legitimate objections — to

a creditor's claim that was dismissed in state court, and then again on the merits by the Bankruptcy Court itself — as a manifest injustice.

More importantly, as a "discretionary rule of practice" the Law of the Case doctrine "generally does not limit a court's power to reconsider an issue." *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991). Indeed, every court retains the authority to "reconsider its prior non-final rulings," *In re HS 45 John LLC*, 585 B.R. 64, 80 (Bankr. S.D.N.Y. 2018), and, moreover, may take care to "prevent the [Law of the Case] from being used to prevent a properly raised argument from being considered even *once*." *United Artists Theatre Circuit, Inc. v. Township of Warrington, PA*, 316 F.3d 392, 398 (3d Cir. 2003) (emphasis in original). This warning is salient here, where Meluchim's involuntary petition initiated a default, and perfunctory, procedure to render the Order for Relief, "without any proceedings to determine the validity of Meluchim's claims." *In re 720 Livonia Dev. LLC*, 2023 WL 5421832, at *8. In this context, the Bankruptcy Court

sensibly exercised its discretion to consider meritorious arguments that could have otherwise gone unaddressed.[5]

**d. Claim Preclusion**

Last, Appellants argue that the Bankruptcy Court erred by finding that Appellants' Proof of Claim was precluded by the State Court Judgment because Meluchim was in privity with Landau.

Under New York law, claim preclusion bars successive litigation based upon the same transaction where: (1) there is a judgment on the merits rendered by a court of competent jurisdiction; and (2) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was. *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (N.Y. 2008). This doctrine is to be applied flexibly, to avoid unjust results. *Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111 (N.Y. 2021) ("[T]his Court has taken a pragmatic and flexible attitude toward claim preclusion, recognizing that the

---

[5] As a final attempt to halt this action at the Law of the Case, Appellants alternatively argue that expunging Appellants' claim would have nullified the entire bankruptcy proceeding because Meluchim was the initial (and only) petitioner. But the Second Circuit has explained that § 303(b) of the Bankruptcy Code is not jurisdictional, so the Bankruptcy Court would not be divested of subject matter jurisdiction by the ultimate expungement of Appellants' claims. *See Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 167-170 (2d Cir. 2010).

doctrine, if applied too rigidly, could work considerable injustice") (quotation omitted).

The sole issue on appeal is whether Meluchim was in privity with Landau such that Landau's litigation in state court to recover the $500,000 he gave to Strulovitch can preclude Meluchim's attempt to recover the same in the bankruptcy case. *See Green v. Santa Fe Industries, Inc.*, 70 N.Y.2d 244, 253 (N.Y. 1987) ("Generally, to establish privity the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding"). Reviewing the issue *de novo*, the Court holds that it does.

The weight of authority unambiguously shows that closely held corporations are typically in privity with their owners when litigating the same claims. *See* Restatement (Second) of Judgments § 59 (1982) ("For the purpose of affording opportunity for a day in court on issues contested in litigation . . . there is no good reason why a closely held corporation and its owners should be ordinarily regarded as legally distinct."); *In re Shea's Will*, 309 N.Y. 605, 617 (N.Y. 1956) ("A clearer case for application of the doctrine [of privity] could hardly be imagined than one involving successive attempts to litigate the same question by a corporation and by its owner[.]"); *In re Teltronics Services, Inc.*, 762 F.2d 185, 190-91 (2d Cir. 1985) (accord). This rule aptly applies here because Meluchim was a front for Landau,

its sole member, with respect to the $500,000 investment. Therefore, Landau had every incentive to represent Meluchim's interests — *i.e.*, his own interests — in the state court litigation.

The hook of Appellants' argument is the state court's ruling, on Landau's unjust enrichment claim, that Meluchim was "clearly not [] Landau," for the purpose of providing the $500,000 to purchase the Real Property. This ruling, Appellants argue, shows that Meluchim did not have its day in court on its claim to recover the $500,000.

However, Appellants' reasoning rests upon a faulty premise. Claim preclusion concerns the *opportunity* to litigate a claim, not the *outcome* of that opportunity. *See EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 626 (2d Cir. 2007) (explaining that "[r]es judicata does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim."). And there is no dispute that Landau had every opportunity to litigate Meluchim's claim to recover the $500,000 in the state court litigation. The outcome of that opportunity was the state court's ruling that Meluchim and Landau were not the same party with respect to the $500,000 payment. Whether this ruling resulted from a dearth of evidence from Landau as to his relationship with Meluchim, or the

trial court's misapprehension of the evidence submitted, it matters not. All that matters is that Landau had the chance, and every incentive, to litigate Meluchim's claim. His failure to do so successfully does not merit a second bite of the apple in a different lawsuit.

Accordingly, the Bankruptcy Court's application of claim preclusion is affirmed. Given this outcome, the Court need not reach the Bankruptcy Court's alternative holding that Operations would have succeeded on the merits of its argument that Appellants' Proof of Claim failed for lack of evidence.

## III. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's order granting Appellee's motion for summary judgment to expunge and disallow Appellant's claims in bankruptcy is AFFIRMED.

**SO ORDERED.**

_/S/ Frederic Block___________
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 23, 2024